UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TOD ALLEN MARSH,

        Defendant.

_____/

No. 1:06-CR-178

Hon. Robert Holmes Bell
Chief Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Tod Allen Marsh and the United States Attorney's Office for the Western District of Michigan.  The terms of the agreement are as follows:

1.    The Defendant Agrees to Plead Guilty.    The Defendant agrees to plead guilty to Count Five of the indictment which charges the Defendant with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B). The elements of this offense are:

    a.  the images in question were produced using person(s) under the age of 18 engaged in sexually explicit conduct;

    b.  the images depict such conduct;

    c.  the Defendant knowingly possessed the images;

    d.  the images had been shipped or transported in interstate or foreign commerce.

2.    The Defendant Understands the Penalty.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252(a)(4)(B) is ten years imprisonment, $250,000 fine, three years of supervised release and $100 special assessment. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay. The Defendant further understands that he will be required to register as a sex offender and comply with federal and Michigan law in that respect.

3.    Waiver of Constitutional Rights.    By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the Defendant.

d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

4.     The United States Attorney's Office agrees:

a. The U.S. Attorney's Office will dismiss Counts One through Four of the indictment at sentencing for Count Five;

b. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines.  However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater; and

c. The government further agrees that except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), the U. S. Attorney's Office for the Western District of Michigan will not further prosecute the Defendant for federal offenses committed in this judicial district which are known to the

3

government at the time this plea is entered. The Defendant understands that the U.S. Attomey's Office is free to prosecute the Defendant for any other unlawful past conduct, including but not limited to any unlawful conduct that occurs after the date of this agreement.

5. The Court is not a Party to this Agreement. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea and he will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

4

6.    This is the Complete Agreement.    This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

9-11-06
_____
Date

RICHARD S. MURRAY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

9-12-06
_____
Date

TOD ALLEN MARSH
Defendant

I am Tod Allen Marsh's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

09/12/2006
_____
Date

GARY K. SPRINGSTEAD
Attorney for Defendant

5